IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF DELAWARE

DOMINION CITRUS, LTD.                    : CIVIL ACTION
Ontario Food Terminal                    :
165 The Queensway Room 304               :
Etobicoke Ontario M8Y 1H8                :
        and                              :
AGRI  SOUSS                              :
P/C Fresh Fruit S.A.                     :
Parcelle No 4 1 er Etage                 :
Nouveau Port Anza                        :
Agadir, Morocco                          :
        and                              :
EL BOURA                                 :
P/C Fresh Fruit S.A.                     :
Parcelle No 4 1 er Etage                 :
Nouveau Port Anza                        :
Agadir, Morocco                          :
        and                              :
GPA                                      :
P/C Fresh Fruit S.A.                     :
Parcelle No 4 1 er Etage                 :
Nouveau Port Anza                        :
Agadir, Morocco                          :
        and                              :
LIMOUNA SOUSS                            :
P/C Fresh Fruit S.A.                     :
Parcelle No 4 1 er Etage                 :
Nouveau Port Anza                        :
Agadir, Morocco                          :
        and                              :
PRIAGRUS                                 :
P/C Fresh Fruit S.A.                     :
Parcelle No 4 1 er Etage                 :
Nouveau Port Anza                        :
Agadir, Morocco                          :
        Plaintiffs                       :
        v.                               :
M/V ATLANTIC HOPE,. her engines,         :
machinery, tackle, apparel, etc          :
        and                              :

-1-

ARTEMIS LINE, S.A.                                    :
20 Federico, Boydave,                                 :
51 St. Panama City, Panama                            :
     and                     :
KANTOH KAIUN CO. LTD.                                 :
7-14, Nihonbashi-tomizama-sho,                        :
Chuo-ku, Tokyo Japan                                  :
     and                     :
SEATRADE REEFER CHARTERING N.V.                       :
Atlantic House (4th fl.)                              :
Noorderlaan 147, PO Box 10.012                        :
2030 Antwerp 3, Belgium                               :
     and                     :
SEATRADE GROUP, INC.                                  :
Atlantic House (4th fl.)                              :
Noorderlaan 147, PO Box 10.012                        :
2030 Antwerp 3, Belgium                               :
     and                     :
SEATRADE USA                                          :
442 W. Kennedy Blvd., S. 290                          :
Tampa, FL 33606 USA                                   :
     Defendants.              : NO.  07-cv-

## VERIFIED COMPLAINT IN ADMIRALTY
## IN REM AND IN PERSONAM

     Plaintiffs, by and through their undersigned attorneys, bring this civil action against

Defendants and upon information and belief aver as follows:

     1.     Plaintiffs Dominion Citrus, Ltd., Agri Souss, El Boura, GPA, Limona Souss, and

Priagus, (hereinafter collectively "Plaintiffs") bring this suit against Defendants under the

provisions of 28 U.S.C. Section 1333, as this is an admiralty and maritime claim within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the specific procedures of said

Rules relative to admiralty actions.

     2.     At all times hereinafter mentioned, Plaintiffs, were and still are business entities

duly organized and existing under the law with offices and  places of business as set forth in the

caption, and were and still are shippers and exporters and/or importers of fruit, *inter alia*.

3.    Upon information and belief, at all times hereinafter mentioned, Defendant M/V ATLANTIC HOPE (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4.    Upon information and belief, at all times hereinafter mentioned, Defendants Artemis Line, S.A., Kantoh Kaiun co. Ltd., Seatrade Reefer Chartering N.V., Seatrade Group, Inc., and/or Seatrade USA, (hereinafter collectively or "Defendants"), were and still are business entities duly organized and existing under the law, with the address set forth in the caption, and was/were the owner(s) and/or disponent owner(s) and/or charterer(s) and/or manager(s) and/or operator(s) of the vessel and was/were engaged in the common and/or private carriage of merchandise by water for hire.

5.    Plaintiffs were and/or are the shippers, and/or consignees and/or owners and/or successors in title of the cargo described within and they bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who are, may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

6.    Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by Plaintiffs and/or their predecessors in title.

7.      At all times material hereto, Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled various vessels, including the vessel, as common and/or private carriers of merchandise for hire.

8.      Vessels owned, operated, managed, chartered, possessed and/or controlled by Defendants have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

9.      Prior to the commencement of this action, Plaintiffs became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading and brought this action on behalf of, and for the interest of all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

10.     All and singular, the matters alleged are true and correct.

11.     Plaintiffs reserve the right to amend and supplement this Complaint as further facts become available.

<u>COUNT ONE</u>

12.     Plaintiffs  incorporate the averments contained in all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein

13.     On or about October 19, 2007 at Agadir, Morocco, (hereinafter "place of loading")  there was shipped and delivered to the Defendant vessel, and the other Defendants, as common and/or private carriers, for delivery to the port of Wilmington, DE, a cargo of

-4-

clementines in boxes, owned and/or shipped by Plaintiffs, then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered certain bills of lading including but not limited to bill(s) of lading SDGRAGAWI702001, SDGRAGAWI702002, SDGRAGAWI702003, SDGRAGAWI702004, SDGRAGAWI702005, SDGRAGAWI702006 and SDGRAGAWI702007, signed and delivered to the shippers or consignees of said cargo by Defendants, or by the Master of the vessel and/or his duly authorized agent (attached in Exhibit A), or other contract(s) of carriage, to the shippers, agreed to transport and carry the said shipment to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading.

14.    Thereafter, Defendants loaded the said merchandise on the vessel, which having on board said merchandise sailed from the port of loading and subsequently, on or about October 30, 2006, but upon arrival of the vessel and delivery of the cargo to the consignees the cargo was not in the same good order and condition as when delivered to Defendants and the vessel, but rather, the cargo is seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

15.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the vessel and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs.

16.    By reason of the unseaworthiness of the vessel, and/or Defendants' breach of the contracts of carriage and other agreements with Plaintiffs, Plaintiffs have sustained damages presently estimated to be in excess of One Hundred Eighty Seven Thousand Four Hundred Forty One Dollars and Twenty One Cents ($187,441.21) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

17.    The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., and/or other applicable laws or conventions.

18.    By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a)    Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)    Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

-6-

(c)    If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)    Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWO

19.    Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

20.    The loss of and damage to Plaintiffs' merchandise was caused by the carelessness, negligence, breach of duty or breach of warranty and lack of due care of Defendants.

21.    By reason of the Defendants' carelessness, negligence, breach of duty or breach of warranty and lack of due care, Plaintiffs have sustained damages presently estimated to be in excess of One Hundred Eighty Seven Thousand Four Hundred Forty One Dollars and Twenty One Cents ($187,441.21) plus interest, costs and attorney's fees.  Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

22.    By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

-7-

    (a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

    (b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

    (c)     If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

    (d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e)    The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

Lee C. Goldstein Esq.

By: _____

Lee C. Goldstein, Esquire
615 W. 18th St.
P.O. Box 1957
Wilmington, DE
Attorney ID No. 231

OF COUNSEL:

MATTIONI, LTD.

By: _____

Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600
Attorney for Plaintiff(s)

-9-

## VERIFICATION BY WAY OF UNSWORN DECLARATION

I am a member of the law firm of Mattioni, Ltd. counsel for the Plaintiffs, in this matter. Plaintiffs are business entities and there are no authorized officers of the Plaintiffs readily available in the District to make this verification; I am authorized to make this verification on behalf of Plaintiffs; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiffs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 24, 2007

_____
Stephen J. Galati

# EXHIBIT A

PAGE 2

B/L No.SDGRAGAWI702001

**Shipper**

**AGRI SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

## BILL OF LADING

TO BE USED WITH CHARTER-PARTIES

Code Name "" Congenbill ""
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

**Consignee to order of**

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

**NOTIFY**

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

**Vessel** | **Port of Loading**
**M/S ATLANTIC HOPE** | **AGADIR**

**Port of discharge**
**WILMINGTON - DELAWARE**

## ORIGINAL

**Shipper's description of goods** | **Gross weight** | **Net weight**

said to be                                          said to weigh

**MOROCCO**
**579 PALLETS   SAID TO CONTAIN   156 771  BOXES OF CLEMENTINES**      **507 282 KGS**      **458 910 KGS**

*Cargo sustained significant damage during voyage. We hold carrier responsible*

*Enir Piotitto*

*November 1, 2006*

**CLEAN ON BOARD**
**" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "**

(of which          on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

.......................................................
Time used for loading,.....................days........hours.

SHIPPED at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

Freight payable as per | Place and date of issue
                       | **20th October 2006**    WILMINGTON, DE

Master

Number of original Bills of Lading
**( THREE ) 3**

Signature
AS AGENTS FOR AND ON BEHALF OF MASTER

GENERAL STEAMSHIP CORPORATION, LTD.
AS AGENTS

PAGE 2

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES

Code Name " Congenbill "

Edition 1994

issued for use in international trade

by

The baltic and international

Maritime Conference

B/L No.SDGRAGAWI702002

Reference No.

| | |
|---|---|
| Shipper | |
| EL BOURA | |
| P/C FRESH FRUIT | |
| PARCELLE N° 4 1er ETAGE | |
| NOUVEAU PORT ANZA | |
| AGADIR | |

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

| Vessel | Port of Loading |
|---|---|
| **M/S ATLANTIC HOPE** | **AGADIR** |

Port of discharge

**WILMINGTON - DELAWARE**

ORIGINAL

Shipper's description of goods                    Gross weight          Net weight

said to be                                   said to weigh

**MOROCCO**
**96 PALLETS  SAID TO CONTAIN   25 940  BOXES OF CLEMENTINES**          84 012 KGS        76 000 KGS

*cargo sustained significant damage during voyage. We hold carrier responsible.*

**CLEAN ON BOARD**
**" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "**

*Ermino Listille*
*Nov. 1, 2006.*

(of which           on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

...........................................
Time used for loading.......................days.......hours.

SHIPPED  at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight payable as per | Place and date of issue |
|---|---|
| | **20th October 2006**    WILMINGTON, DE |
| Number of original Bills of Lading | Signature |
| **( THREE ) 3** | AS AGENTS FOR AND ON BEHALF OF MASTER |
| | **GENERAL STEAMSHIP CORPORATION, LTD.** |
| | **AS AGENTS** |

Master

PAGE 2

| Shipper | BILL OF LADING | B/L No. SDGRAGAWI702003 |
|---|---|---|

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES

Code Name "' Congenbill '''

Edition 1994

issued for use in international trade

by

The baltic and international

Maritime Conference

Reference No.

**Shipper**

G P A
P/C FRESH FRUIT
PARCELLE N° 4 1er ETAGE
NOUVEAU PORT ANZA
AGADIR

**Consignee to order of**

DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**NOTIFY**

DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**Vessel**          **Port of Loading**

M/S ATLANTIC HOPE    AGADIR

**Port of discharge**

WILMINGTON - DELAWARE

# ORIGINAL

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| | said to be | said to weigh |
| MOROCCO | | |
| 652 PALLETS  SAID TO CONTAIN  191 106  BOXES OF CLEMENTINES | 561 134 KGS | 505 102 KGS |

*Cargo sustained significant damage during voyage. We hold owner responsible.*

*Enio Portutell*

*November. 1, 2006.*

**CLEAN ON BOARD**

" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

(of which        on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per | SHIPPED at the Port of Loading in apparent good order and condition on |
|---|---|
| CHARTER PARTY dated : 04.10.2006 | board the Vessel for carriage to the Port of Discharge or so near |

thereto as she may safely get the goods specified above.

FREIGHT ADVANCE.

Received on account of freight:          Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of

Bills of Lading indicated below all of this tenor and date, any one of which being

accomplished the others shall be void.

Time used for loading.........................days.........hours.          FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

*Master*

| Freight payable as per | Place and date of issue |
|---|---|
| | **20th October 2006**    WILMINGTON, DE |
| Number of original Bills of Lading | Signature |
| **( THREE ) 3** | AS AGENTS FOR AND ON BEHALF OF MASTER *B Lryden* |
| | GENERAL STEAMSHIP CORPORATION, LTD. |
| | AS AGENTS |

STAFF                Fax:3024727742          Nov  1 2006  11:37      P.06

PAGE 2

Shipper

**LIMOUNA SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

Notify

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

Vessel                    Port of Loading
**M/S ATLANTIC HOPE**      **AGADIR**

Port of discharge
**WILMINGTON - DELAWARE**

### BILL OF LADING
TO BE USED WITH CHARTER-PARTIES
Code Name "" Congenbill ""
Edition 1994
Issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

B/L No.SDGRAGAWI702004

**ORIGINAL**

Shipper's description of goods                    Gross weight        Net weight

                    said to be                    said to weigh

**MOROCCO**
**308 PALLETS   SAID TO CONTAIN   90 604  BOXES OF CLEMENTINES         261 970 KGS        235 832 KGS**

*large sustained significant damage during voyage. We hold carrier responsible.*

*Ennio Schitte*

*November, 1, 2008*

**CLEAN ON BOARD**
**" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "**

(a) which        on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising

Freight payable as per
CHARTER PARTY dated : 04.10.2006



FREIGHT ADVANCE.
Received on account of freight:




Time used for loading........................days.........hours.

SHIPPED  at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

*Master*

Freight payable as per

Number of original Bills of Lading
**( THREE ) 3**

Place and date of issue
**20th October 2006      WILMINGTON, DE**

Signature
AS AGENTS FOR AND ON BEHALF OF MASTER     *B Lryden*
**GENERAL STEAMSHIP CORPORATION, LTD.**
**AS AGENTS**

STAFF                  Fax:3024727742         Nov  1 2006  11:37      P.07

Shipper

**PRIAGRUS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

Consignee to order of
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

NOTIFY
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

Vessel
**M/S ATLANTIC HOPE**

Port of Loading
**AGADIR**

Port of discharge
**WILMINGTON – DELAWARE**

BILL OF LADING
TO BE USED WITH CHARTER-PARTIES
Code Name "Congenbill"
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

B/L No. SDGRAGAWI702005

**ORIGINAL**

Shipper's description of goods

Gross weight          Net weight

said to be                                  said to weigh

MOROCCO
**196 PALLETS  SAID TO CONTAIN   52 935  BOXES OF CLEMENTINES**          **172 527 KGS**          **156 054 KGS**

*Cargo sustained significant damage during voyage. We hold owner responsible*

**CLEAN ON BOARD**
" **FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006** "

*Emico Portello*
*Nov. 1, 2006.*

(of which            on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

............................................

Time used for loading.....................days.........hours.

SHIPPED  at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

*Master*

Freight payable as per

Number of original Bills of Lading
**( THREE ) 3**

Place and date of issue
**20th October 2006    WILMINGTON, DE**

Signature
AS AGENTS FOR AND ON BEHALF OF MASTER
*B Lydin*
**GENERAL STEAMSHIP CORPORATION, LTD.**
**AS AGENTS**

PAGE 2

Shipper

**AGRI SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
Code Name " Congenbill "
Edition 1994
Issued for use in International trade
by
The baltic and International
Maritime Conference

B/L No. SDGRAGAWI702006

Reference No.

Consignee to order of

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

NOTIFY

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

Vessel                          Port of Loading
**M/S ATLANTIC HOPE**          **AGADIR**

Port of discharge
**WILMINGTON - DELAWARE**

# ORIGINAL

Shipper's description of goods                     Gross weight        Net weight

said to be                                         said to weigh

**MOROCCO**
**12 PALLETS**   **SAID TO CONTAIN**   **4 320  EMPTY BOXES**        **1 358 KGS**

*Cargo sustained significant
damage during voyage. We
hold carrier responsible*

**CLEAN ON BOARD**
" **FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006** "

*Eric [signature]*
*November, 1, 2006*

(at which       on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per
CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

..................................................
Time used for loading.....................days.........hours.

SHIPPED at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

*Master [signature]*

| Freight payable as per | Place and date of issue |
| | **20th October 2006**   WILMINGTON, DE |
| Number of original Bills of Lading | Signature |
| ( **THREE** ) 3 | AS AGENTS FOR AND ON BEHALF OF MASTER  *B Lyden* |
| | **GENERAL STEAMSHIP CORPORATION, LTD.** |
| | **AS AGENTS** |

PAGE 2

B/L No. SDGRAGAWI702007

## BILL OF LADING

TO BE USED WITH CHARTER-PARTIES

Code Name ™ Congenbill ™

Edition 1994

issued for use in international trade

by

The baltic and international

Maritime Conference

Reference No.

**Shipper**

**AGRI SOUSS**
**P/C FRESH FRUIT**
**PARCELLE N° 4 1er ETAGE**
**NOUVEAU PORT ANZA**
**AGADIR**

**Consignee to order of**

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

**NOTIFY**

**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

**Vessel**

**M/S ATLANTIC HOPE**

**Port of Loading**

**AGADIR**

**Port of discharge**

**WILMINGTON - DELAWARE**

## ORIGINAL

Shipper's description of goods

Gross weight          Net weight

said to be                    said to weigh

MOROCCO

3  CARTONS      SAID TO CONTAIN      3 UNITS CONTAINING COMPLEX OF STICKERS      75 KGS

*Cargo sustained significant damage during voyage. We hold carrier responsible.*

**CLEAN ON BOARD**

**" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "**

*Ernie Scoletti*

*November 1, 2006*

(of which                on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

Freight payable as per

CHARTER PARTY dated : 04.10.2006

FREIGHT ADVANCE.
Received on account of freight:

....................

Time used for loading.....................days........hours.

SHIPPED  at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

*Master*

| Freight payable as per | Place and date of issue |
| --- | --- |
| Number of original Bills of Lading | **20th October 2006    WILMINGTON, DE** |
| **( THREE ) 3** | Signature |
| | AS AGENTS FOR AND ON BEHALF OF MASTER   *B Lryden* |
| | **GENERAL STEAMSHIP CORPORATION, LTD.,** |
| | **AS AGENTS** |

℗JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Dominion Citrus, et al.  (See attached sheet) | M/V Atlantic Hope, et al. (See attached sheet) |

**(b)** County of Residence of First Listed Plaintiff   **Ontario, Canada**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Lee C. Goldstein, Esquire, 615 W. 18th St., P.O. Box 1957
Wilmington, DE

Attorneys (If Known)
Palmer Biezup & Henderson, LLP, 1223 Foulk Rd., Wilmington, DE
19803

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Maritime action to enforce maritime lien against Defendant Vessel.

Brief description of cause:
Lawsuit to recover for damage to cargo carried in ocean transportation.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  in excess
$187,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE   *10/24/07*

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.            Example:            U.S. Civil Statute: 47 USC 553
                                                      Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 - 6 7 2

Civil Action No. _____

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_____10/25/07_____
(Date forms issued)

X _____
(Signature of Party or their Representative)

X
_____Stepha JGg6X_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action