IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOMINION CITRUS, LTD.  : CIVIL ACTION
Ontario Food Terminal  :
165 The Queensway Room 304  :
Etobicoke Ontario M8Y 1H8  :
    and  :
AGRI SOUSS  :
P/C Fresh Fruit S.A.  :
Parcelle No 4 1 er Etage  :
Nouveau Port Anza  :
Agadir, Morocco  :
    and  :
EL BOURA  :
P/C Fresh Fruit S.A.  :
Parcelle No 4 1 er Etage  :
Nouveau Port Anza  :
Agadir, Morocco  :
    and  :
GPA  :
P/C Fresh Fruit S.A.  :
Parcelle No 4 1 er Etage  :
Nouveau Port Anza  :
Agadir, Morocco  :
    and  :
LIMOUNA SOUSS  :
P/C Fresh Fruit S.A.  :
Parcelle No 4 1 er Etage  :
Nouveau Port Anza  :
Agadir, Morocco  :
    and  :
PRIAGRUS  :
P/C Fresh Fruit S.A.  :
Parcelle No 4 1 er Etage  :
Nouveau Port Anza  :
Agadir, Morocco  :
    Plaintiffs  :
    v.  :
M/V ATLANTIC HOPE,. her engines,  :
machinery, tackle, apparel, etc  :
    and  :

| | |
|---|---|
| ARTEMIS LINE, S.A. <br> 20 Federico, Boydave, <br> 51 St. Panama City, Panama <br>     and <br> KANTOH KAIUN CO. LTD. <br> 7-14, Nihonbashi-tomizama-sho, <br> Chuo-ku, Tokyo Japan <br>     and <br> SEATRADE REEFER CHARTERING N.V. <br> Atlantic House (4th fl.) <br> Noorderlaan 147, PO Box 10.012 <br> 2030 Antwerp 3, Belgium <br>     and <br> SEATRADE GROUP, INC. <br> Atlantic House (4th fl.) <br> Noorderlaan 147, PO Box 10.012 <br> 2030 Antwerp 3, Belgium <br>     and <br> SEATRADE USA <br> 442 W. Kennedy Blvd., S. 290 <br> Tampa, FL 33606 USA <br>     and <br> DIAMOND STATE PORT CORPORATION <br> Port of Wilmington Administration Building <br> 1 Hausel Road, <br> Wilmington, DE 19801-5852 <br>     and <br> MURPHY MARINE SERVICES, INC. <br> 11 Gist Rd., Fl 1 <br> Wilmington, De 19801-5879 <br>              Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : NO. 07-cv- 672 |

**FIRST AMENDED VERIFIED COMPLAINT IN ADMIRALTY**
***IN REM* AND *IN PERSONAM***

     Plaintiffs, by and through their undersigned attorneys, bring this civil action against Defendants and upon information and belief aver as follows:

     1.     Plaintiffs Dominion Citrus, Ltd., Agri Souss, El Boura, GPA, Limona Souss, and Priagrus, (hereinafter collectively "Plaintiffs") bring this suit against Defendants under the

provisions of 28 U.S.C. Section 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the specific procedures of said Rules relative to admiralty actions.

2. At all times hereinafter mentioned, Plaintiffs, were and still are business entities duly organized and existing under the law with offices and places of business as set forth in the caption, and were and still are shippers and exporters and/or importers of fruit, *inter alia*.

3. Upon information and belief, at all times hereinafter mentioned, Defendant M/V ATLANTIC HOPE (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, Defendants Artemis Line, S.A., Kantoh Kaiun co. Ltd., Seatrade Reefer Chartering N.V., Seatrade Group, Inc., and/or Seatrade USA, were and still are business entities duly organized and existing under the law, with the address set forth in the caption, and was/were the owner(s) and/or disponent owner(s) and/or charterer(s) and/or manager(s) and/or operator(s) of the vessel and was/were engaged in the common and/or private carriage of merchandise by water for hire. These Defendants and the vessel, *in rem*, are hereinafter referred to as the "Vessel Defendants."

5. At all times hereinafter mentioned, Defendant Diamond State Port Corporation (hereinafter "DSPC" or "Defendant") was and still is a corporate entity of the State of Delaware, duly organized and existing under the law with an office and principal place of business as set forth in the caption, and was and still is the owner and operator of the Port of Wilmington Marine

Terminal where the vessel docked and discharged her cargo and DSPC was and still is engaged in providing stevedoring, storage and related terminal services at the Port of Wilmington and provided such services for the cargo discharged from the vessel and at issue herein.

6. At all times hereinafter mentioned, Defendant Murphy Marine Services Inc. (hereinafter "Murphy Marine" or "Defendant") was and still is a corporation or other business entity, duly organized and existing under the law with an office and principal place of business as set forth in the caption, and was and still is engaged in providing stevedoring, storage and related terminal services at the Port of Wilmington Marine Terminal and provided such services for the cargo discharged from the vessel and at issue herein.

7. DSPC and Murphy Marine are hereinafter referred to as the "Port Defendants."

8. Plaintiffs were and/or are the shippers, and/or consignees and/or owners and/or successors in title of the cargo described within and they bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who are, may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

9. Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by Plaintiffs and/or their predecessors in title.

10. At all times material hereto, the Vessel Defendants were and are now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled various vessels, including the

vessel, as common and/or private carriers of merchandise for hire.

11. Vessels owned, operated, managed, chartered, possessed and/or controlled by the Vessel Defendants have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and the Vessel Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

12. Prior to the commencement of this action, Plaintiffs became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading and brought this action on behalf of, and for the interest of all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

13. All and singular, the matters alleged are true and correct.

14. Plaintiffs reserve the right to amend and supplement this Complaint as further facts become available.

**COUNT ONE**
(Plaintiffs v. Vessel Defendants)

15. Plaintiffs incorporate the averments contained in all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein

16. On or about October 19, 2007 at Agadir, Morocco, (hereinafter "place of loading") there was shipped and delivered to the Defendant vessel, and the other Vessel Defendants, as common and/or private carriers, for delivery to the port of Wilmington, DE, a cargo of clementines in boxes, owned and/or shipped by Plaintiffs, then being in good order and

condition, and the Vessel Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered certain bills of lading including but not limited to bill(s) of lading SDGRAGAWI702001, SDGRAGAWI702002, SDGRAGAWI702003, SDGRAGAWI702004, SDGRAGAWI702005, SDGRAGAWI702006 and SDGRAGAWI702007, signed and delivered to the shippers or consignees of said cargo by the Vessel Defendants, or by the Master of the vessel and/or his duly authorized agent (attached in Exhibit A), or other contract(s) of carriage, to the shippers, agreed to transport and carry the said shipment to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading.

17. Thereafter, the Vessel Defendants loaded the said merchandise on the vessel, which having on board said merchandise sailed from the port of loading and subsequently, on or about October 30, 2006, but upon arrival of the vessel and delivery of the cargo to the consignees the cargo was not in the same good order and condition as when delivered to the Vessel Defendants and the vessel, but rather, the cargo is seriously impaired in value by reason of sustaining physical damage and/or shortage, *inter alia*.

18. The loss of and damage to Plaintiffs' merchandise was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the vessel and the violation of the Vessel Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of the Vessel Defendants' contracts of carriage and other agreements with Plaintiffs.

19. By reason of the unseaworthiness of the vessel, and/or the Vessel Defendants'

breach of the contracts of carriage and other agreements with Plaintiffs, Plaintiffs have sustained damages presently estimated to be in excess of One Hundred Eighty Seven Thousand Four Hundred Forty One Dollars and Twenty One Cents ($187,441.21) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

20. The applicable bills of lading and/or contracts of carriage are governed by the general maritime law of the United States and/or the Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., and/or other applicable laws or conventions.

21. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against the Vessel Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c) If the Vessel Defendants cannot be found within this District, then all of

their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Vessel Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against the Vessel Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

### COUNT TWO
(Plaintiffs v. Vessel Defendants)

22. Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

23. The loss of and damage to Plaintiffs' merchandise was caused by the carelessness, negligence, breach of duty or breach of warranty and lack of due care of the Vessel Defendants.

24. By reason of the Vessel Defendants' carelessness, negligence, breach of duty or breach of warranty and lack of due care, Plaintiffs have sustained damages presently estimated to be in excess of One Hundred Eighty Seven Thousand Four Hundred Forty One Dollars and Twenty One Cents ($187,441.21) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

25. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against the Vessel Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c) If the Vessel Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Vessel Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against the Vessel Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT THREE
(Plaintiffs v. Port Defendants)

26. Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

27. DSPC and Murphy Marine were engaged to perform stevedoring, clerking and checking services and related terminal operations required to discharge and store the cargo from the vessel and deliver the same to Plaintiffs or their order.

28. Pursuant to said engagement DSPC and Murphy Marine warranted that Plaintiffs' cargo would be given careful and prudent handling and storage and that all services undertaken by it would be performed in a proper and workmanlike manner.

29. As a result of DSPC's and Murphy Marine's fault, carelessness, negligence, lack of due care, breach of warranty of workmanlike service and breach of contract Plaintiffs' cargo was damaged, lost and/or destroyed, said losses being in excess of Nine Thousand Three Hundred Seventy Two Dollars ($9,372.00), plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

WHEREFORE, Plaintiffs demand that judgment be entered in favor of Plaintiffs and

against the Port Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

                                                Lee C. Goldstein Esq.

                                                By: _____
                                                Lee C. Goldstein, Esquire
                                                615 W. 18th St.
                                                P.O. Box 1957
                                                Wilmington, DE
                                                Attorney ID No. 231

OF COUNSEL:

MATTIONI, LTD.

By: _____
Dante Mattioni, Esquire
Stephen J. Galati, Esquire
399 Market Street, Second Floor
Philadelphia, PA 19106
(215) 629-1600
Attorney for Plaintiff(s)

## VERIFICATION BY WAY OF UNSWORN DECLARATION

I am a member of the law firm of Mattioni, Ltd. counsel for the Plaintiffs, in this matter. Plaintiffs are business entities and there are no authorized officers of the Plaintiffs readily available in the District to make this verification; I am authorized to make this verification on behalf of Plaintiffs; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiffs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 25, 2007

_____
Stephen J. Galati

# EXHIBIT A

PAGE 2

| Shipper | BILL OF LADING | B/L No.SDGRAGAWI702001 |
|---|---|---|
| AGRI SOUSS<br>P/C FRESH FRUIT<br>PARCELLE N° 4 1er ETAGE<br>NOUVEAU PORT ANZA<br>AGADIR | TO BE USED WITH CHARTER-PARTIES<br>Code Name " Congenbill "<br>Edition 1994<br>issued for use in international trade<br>by<br>The baltic and international<br>Maritime Conference | Reference No. |

Consignee to order of
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

NOTIFY
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

| Vessel | Port of Loading |
|---|---|
| M/S ATLANTIC HOPE | AGADIR |

Port of discharge
WILMINGTON - DELAWARE

**ORIGINAL**

Shipper's description of goods                              Gross weight        Net weight

                    said to be                                      said to weigh

MOROCCO
579 PALLETS  SAID TO CONTAIN   156 771  BOXES OF CLEMENTINES      507 282 KGS      458 910 KGS

*[handwritten: Cargo sustained significant damage during voyage. We hold carrier responsible.]*

CLEAN ON BOARD
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

*[signature] November 1, 2006*

(of which       on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per<br>CHARTER PARTY dated : 04.10.2006 | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
|---|---|
| FREIGHT ADVANCE.<br>Received on account of freight: | Weight, measure, quality, quantity, condition, contents and value unknown.<br><br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.<br><br>FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| Time used for loading.............days.........hours. | |

*[signature: Master]*

| Freight payable as per | Place and date of issue<br>20th October 2006    WILMINGTON, DE |
|---|---|
| Number of original Bills of Lading<br>( THREE ) 3 | Signature<br>AS AGENTS FOR AND ON BEHALF OF MASTER  *[signature: BLuyden]*<br>GENERAL STEAMSHIP CORPORATION, LTD.<br>AS AGENTS |

PAGE 2

| Shipper | BILL OF LADING | B/L No. SDGRAGAW1702002 |
|---|---|---|

**Shipper**
EL BOURA
P/C FRESH FRUIT
PARCELLE N° 4 1er ETAGE
NOUVEAU PORT ANZA
AGADIR

TO BE USED WITH CHARTER-PARTIES
Code Name "Congenbill"
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

**Consignee to order of**
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**NOTIFY**
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**Vessel**: M/S ATLANTIC HOPE
**Port of Loading**: AGADIR

**Port of discharge**: WILMINGTON - DELAWARE

ORIGINAL

**Shipper's description of goods**            **Gross weight**    **Net weight**

said to be                                said to weigh

MOROCCO
96 PALLETS  SAID TO CONTAIN  25 940 BOXES OF CLEMENTINES      84 012 KGS    76 000 KGS

*[handwritten]: Cargo sustained significant damage during voyage. We hold carrier responsible.*

CLEAN ON BOARD
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

*[signature]*
Nov. 1, 2006.

(of which      on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

**Freight payable as per**
CHARTER PARTY dated : 04.10.2006

**FREIGHT ADVANCE.**
Received on account of freight:

Time used for loading...................days........hours.

SHIPPED at the Port of Loading in apparent good order and condition on
board the Vessel for carriage to the Port of Discharge or so near
thereto as she may safely get the goods specified above.

Weight, measure, quality, quantity, condition, contents and value unknown.

IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of
Bills of Lading indicated below all of this tenor and date, any one of which being
accomplished the others shall be void.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

**Freight payable as per** | **Place and date of issue**: 20th October 2006  WILMINGTON, DE
**Number of original Bills of Lading**: ( THREE ) 3 | **Signature**
AS AGENTS FOR AND ON BEHALF OF MASTER  *[signature] B.Lyden*
GENERAL STEAMSHIP CORPORATION, LTD.
AS AGENTS

Master *[signature]*

STAFF                    Fax:3024727742              Nov 1 2006 11:37    P.05

PAGE 2

| Shipper | BILL OF LADING | B/L No. SDGRAGAWI702003 |
|---|---|---|
| G P A<br>P/C FRESH FRUIT<br>PARCELLE N° 4 1er ETAGE<br>NOUVEAU PORT ANZA<br>AGADIR | TO BE USED WITH CHARTER-PARTIES<br>Code Name " Congenbill "<br>Edition 1994<br>issued for use in international trade<br>by<br>The baltic and international<br>Maritime Conference | Reference No. |

Consignee to order of
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

NOTIFY
**DOMINION CITRUS LTD**
**ONTARIO TERMINAL FOOD**
**165 THE QUEENSWAY**
**ROOM 304 ETOBICOKE**
**ONTARIO M8Y / 1H8 Canada**

| Vessel | Port of Loading |
|---|---|
| M/S ATLANTIC HOPE | AGADIR |

Port of discharge
**WILMINGTON - DELAWARE**

**ORIGINAL**

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| said to be | said to weigh | |
| MOROCCO<br>652 PALLETS  SAID TO CONTAIN  191 106  BOXES OF CLEMENTINES | 561 134 KGS | 505 102 KGS |

*Cargo sustained significant damage during voyage. We hold owner responsible.*

*[signature]*
*November 1, 2006.*

**CLEAN ON BOARD**
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

(of which       on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

| Freight payable as per<br>CHARTER PARTY dated : 04.10.2006 | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.<br><br>Weight, measure, quality, quantity, condition, contents and value unknown.<br><br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.<br><br>FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
|---|---|
| FREIGHT ADVANCE.<br>Received on account of freight:<br><br>Time used for loading...........days.........hours. | |

*Master [signature]*

| Freight payable as per | Place and date of issue |
|---|---|
| | 20th October 2006     WILMINGTON, DE |
| Number of original Bills of Lading | Signature |
| ( THREE ) 3 | AS AGENTS FOR AND ON BEHALF OF MASTER  *B Luyden*<br>GENERAL STEAMSHIP CORPORATION, LTD.<br>AS AGENTS |

Case 1:07-cv-00672-JJF    Document 3    Filed 10/26/2007    Page 17 of 20
STAFF    Fax:3024727742    Nov. 1 2006  11:37    P.06

PAGE 2

**BILL OF LADING**

B/L No. SDGRAGAWI702004

TO BE USED WITH CHARTER-PARTIES
Code Name " Congenbill "
Edition 1994
issued for use in international trade
by
The baltic and international
Maritime Conference

Reference No.

**Shipper**
LIMOUNA SOUSS
P/C FRESH FRUIT
PARCELLE N° 4 1er ETAGE
NOUVEAU PORT ANZA
AGADIR

**Consignee to order of**
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**NOTIFY**
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

**Vessel:** M/S ATLANTIC HOPE
**Port of Loading:** AGADIR
**Port of discharge:** WILMINGTON - DELAWARE

**ORIGINAL**

**Shipper's description of goods** — said to be
MOROCCO
308 PALLETS SAID TO CONTAIN 90 604 BOXES OF CLEMENTINES

**Gross weight:** 261 970 KGS  (said to weigh)
**Net weight:** 235 832 KGS

*[handwritten]* Cargo sustained significant damage during voyage. We hold carrier responsible.
*[signature]*
November, 1, 2006

CLEAN ON BOARD
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

(of which        on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

| Freight payable as per | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
|---|---|
| CHARTER PARTY dated : 04.10.2006 | Weight, measure, quality, quantity, condition, contents and value unknown. |
| FREIGHT ADVANCE. Received on account of freight: | IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading..........days.........hours. | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |


Master *[signature]*

| Freight payable as per | Place and date of issue |
|---|---|
|  | 20th October 2006    WILMINGTON, DE |
| Number of original Bills of Lading | Signature |
| ( THREE ) 3 | AS AGENTS FOR AND ON BEHALF OF MASTER  B Lydn *[signature]* |
|  | GENERAL STEAMSHIP CORPORATION, LTD. |
|  | AS AGENTS |

| | | | PAGE 2 |
|---|---|---|---|
| Shipper<br><br>PRIAGRUS<br>P/C FRESH FRUIT<br>PARCELLE N° 4 1er ETAGE<br>NOUVEAU PORT ANZA<br>AGADIR | BILL OF LADING<br>TO BE USED WITH CHARTER-PARTIES<br>Code Name "Congenbill"<br>Edition 1994<br>issued for use in international trade<br>by<br>The baltic and international<br>Maritime Conference | Reference No. | B/L No. SDGRAGAWI702005 |

Consignee to order of

DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

NOTIFY
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

| Vessel | Port of Loading |
|---|---|
| M/S ATLANTIC HOPE | AGADIR |

Port of discharge
WILMINGTON - DELAWARE

**ORIGINAL**

Shipper's description of goods | Gross weight | Net weight
---|---|---

said to be                                                            said to weigh

MOROCCO
196 PALLETS   SAID TO CONTAIN    52 935 BOXES OF CLEMENTINES          172 527 KGS        156 054 KGS

*[Handwritten:] Cargo sustained significant damage during voyage. We hold carrier responsible. Ennio [signature] Nov. 1, 2006.*

CLEAN ON BOARD
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

(of which       on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per<br>CHARTER PARTY dated : 04.10.2006<br><br>FREIGHT ADVANCE.<br>Received on account of freight:<br><br>..........<br>Time used for loading.................days........hours. | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.<br><br>Weight, measure, quality, quantity, condition, contents and value unknown.<br><br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.<br><br>FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
|---|---|

Master [signature]

| Freight payable as per | Place and date of issue |
|---|---|
| Number of original Bills of Lading<br>( THREE ) 3 | 20th October 2006    WILMINGTON, DE<br>Signature:<br>AS AGENTS FOR AND ON BEHALF OF MASTER  B Lyden<br>GENERAL STEAMSHIP CORPORATION, LTD.<br>AS AGENTS |

| Shipper | | PAGE 2 |
|---|---|---|
| AGRI SOUSS<br>P/C FRESH FRUIT<br>PARCELLE N° 4 1er ETAGE<br>NOUVEAU PORT ANZA<br>AGADIR | **BILL OF LADING**<br>TO BE USED WITH CHARTER-PARTIES<br>Code Name "Congenbill"<br>Edition 1994<br>issued for use in International trade<br>by<br>The baltic and international<br>Maritime Conference | B/L No. SDGRAGAWI702006<br><br>Reference No. |
| Consignee to order of | | |
| DOMINION CITRUS LTD<br>ONTARIO TERMINAL FOOD<br>165 THE QUEENSWAY<br>ROOM 304 ETOBICOKE<br>ONTARIO M8Y / 1H8 Canada | | |
| NOTIFY | | |
| DOMINION CITRUS LTD<br>ONTARIO TERMINAL FOOD<br>165 THE QUEENSWAY<br>ROOM 304 ETOBICOKE<br>ONTARIO M8Y / 1H8 Canada | | |
| Vessel: M/S ATLANTIC HOPE | Port of Loading: AGADIR | |
| Port of discharge: WILMINGTON - DELAWARE | | **ORIGINAL** |

| Shipper's description of goods | Gross weight | Net weight |
|---|---|---|
| said to be<br>MOROCCO<br>12 PALLETS   SAID TO CONTAIN   4 320 EMPTY BOXES | | said to weigh<br>1 358 KGS |

*Cargo sustained significant damage during voyage. We hold carrier responsible*

**CLEAN ON BOARD**
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

*[signature]*
November, 1, 2006

(of which          on deck at shippers risk, the Carrier not
being responsible for loss or damage howsoever arising)

| Freight payable as per<br>CHARTER PARTY dated : 04.10.2006 | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
|---|---|
| FREIGHT ADVANCE.<br>Received on account of freight: | Weight, measure, quality, quantity, condition, contents and value unknown.<br><br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading..................days........hours. | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |

*Master [signature]*

| Freight payable as per | Place and date of issue |
|---|---|
| Number of original Bills of Lading<br>( THREE ) 3 | 20th October 2006   WILMINGTON, DE |
| | Signature<br>AS AGENTS FOR AND ON BEHALF OF MASTER  *B Lyden*<br>GENERAL STEAMSHIP CORPORATION, LTD.<br>AS AGENTS |

| Shipper | | PAGE 2 |
|---|---|---|
| AGRI SOUSS<br>P/C FRESH FRUIT<br>PARCELLE N° 4 1er ETAGE<br>NOUVEAU PORT ANZA<br>AGADIR | **BILL OF LADING**<br>TO BE USED WITH CHARTER-PARTIES<br>Code Name ™ Congenbill ™<br>Edition 1994<br>issued for use in international trade<br>by<br>The baltic and international<br>Maritime Conference | B/L No SDGRAGAWI702007<br>Reference No. |

Consignee to order of
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

NOTIFY
DOMINION CITRUS LTD
ONTARIO TERMINAL FOOD
165 THE QUEENSWAY
ROOM 304 ETOBICOKE
ONTARIO M8Y / 1H8 Canada

Vessel: M/S ATLANTIC HOPE    Port of Loading: AGADIR

Port of discharge: WILMINGTON - DELAWARE

**ORIGINAL**

Shipper's description of goods                                Gross weight        Net weight

MOROCCO          said to be                                          said to weigh

3 CARTONS        SAID TO CONTAIN    3 UNITS CONTAINING COMPLEX OF STICKERS       75 KGS

*[handwritten]: Cargo sustained significant damage during voyage. We hold carrier responsible.*
*[signature] Ernie [illegible]*
*November 1, 2006*

CLEAN ON BOARD
" FREIGHT IS PAYABLE AS PER CHARTER PARTY DATED 04/10/2006 "

(of which       on deck at shippers risk, the Carrier not being responsible for loss or damage howsoever arising)

| Freight payable as per<br>CHARTER PARTY dated : 04.10.2006<br><br>FREIGHT ADVANCE.<br>Received on account of freight:<br><br>Time used for loading..........days.........hours. | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.<br><br>Weight, measure, quality, quantity, condition, contents and value unknown.<br><br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.<br><br>FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
|---|---|

*[signature] Master*

| Freight payable as per | Place and date of issue<br>**20th October 2006   WILMINGTON, DE** |
|---|---|
| Number of original Bills of Lading<br>( THREE ) 3 | Signature<br>AS AGENTS FOR AND ON BEHALF OF MASTER  *[signature] B Lyden*<br>GENERAL STEAMSHIP CORPORATION, LTD.,<br>AS AGENTS |