IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMINION CITRUS, LTD., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 07-cv-672-JJF |
| | : | |
| M/V ATLANTIC HOPE *in rem*, | : | |
| Defendant. | : | |

## ANSWER TO PLAINTIFF DOMINION CITRUS, LTD.'S
## FIRST AMENDED COMPLAINT IN REM

Artemis Line S.A., having entered its restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims for the sole purpose of defending the *in rem* claim asserted against the defendant vessel by the plaintiff Dominion Citrus Ltd. in this action, and having filed a Verified Statement of Right or Interest in the M/V ATLANTIC HOPE pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, said claim of owner and *in rem* appearance herein being expressly limited and subject to all terms, conditions and limitations set forth in a certain Letter of Undertaking dated November 1, 2006, and issued to the plaintiff Dominion Citrus, Ltd. pursuant to demands for security and in lieu of arrest of the vessel by plaintiff Dominion Citrus, Ltd.,[1] now answers plaintiff's First Amended Complaint *in rem* (herein after "Complaint") as claimant to the M/V ATLANTIC HOPE by and through its counsel as follows:

---

[1] Said Letter of Undertaking was expressly limited to *in rem* claims which may be asserted against the M/V ATLANTIC HOPE in the within lawsuit by Dominion Citrus Ltd, or their properly subrogated cargo underwriters. Accordingly, the within answer is limited to the *in rem* claims contained in the Complaint which were asserted by Dominion Citrus, Ltd or their properly subrogated cargo underwriters and not to the *in rem* claims of any other parties listed as plaintiffs in the Complaint.

PBH: 195108.1

1. Denied. The averments contained in Paragraph 1 of the Complaint are conclusions of law to which no response is required.

2. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Denied as stated. It is admitted that during all times material hereto the vessel M/V ATLANTIC HOPE was a vessel that carried goods in ocean transportation between ports and places throughout the world, and, except as admitted herein, the remaining averments contained in Paragraph 3 of the Complaint are denied.

4. Denied as stated. It is admitted that at all material times answering defendant Artemis Line S.A was the owner of the M/V ATLANTIC HOPE, a vessel that carried goods in ocean transportation between ports and places throughout the world, and had a business address in Panama City, Republic of Panama, and, except as admitted herein, the remaining averments directed to the answering defendant are denied and, with respect to all other averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth said averments and, therefore, denies the same.

5. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.  Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.  Admitted.

8.  Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9.  Denied.

10. Denied as stated. It is admitted that at all material times answering defendant Artemis Line S.A was the owner of the M/V ATLANTIC HOPE, a vessel that carried goods in ocean transportation between ports and places throughout the world, and had a business address in Panama City, Republic of Panama, and, except as admitted herein, the remaining averments directed to the answering defendant are denied and, with respect to all other averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth said averments and, therefore, denies the same.

11. Denied as stated. It is admitted that the ATLANTIC HOPE has called at the port of Wilmington, Delaware where cargo was discharged from said vessel, and, except as admitted herein, answering defendant denies the remaining averments contained in paragraph 11 of the Complaint.

12. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Denied.

14. It is admitted only that plaintiff alleges they have reserved the right to amend.

## COUNT ONE (Plaintiff v. Vessel Defendants)

15. Answering defendant incorporates by reference it responses to paragraphs 1 through 14 inclusive of the Complaint as if set forth herein at length.

16. Admitted in part, denied in part. It is admitted that on or about October 19 through 20, 2006, a cargo of palletized clementines was loaded aboard the M/V ATLANTIC HOPE in the port of Agadir, Morocco for carriage to the port of Wilmington, Delaware and answering defendant denies that said cargo was in good condition when loaded, denies that the documents attached as exhibit A were signed by answering defendant or the Master and denies that Exhibit represents a contract of carriage; answering defendant is without knowledge or information sufficient to form a belief as to the truth of all remaining averments contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Denied as stated. It is admitted that the ATLANTIC HOPE arrived in Wilmington, Delaware on or about October 30, 2006, and cargo discharge operations were commenced on or about October 31, 2006, and completed on or about November 1, 2006, and,

except as admitted herein, answering defendant denies the averments contained in paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Denied. The averments contained in paragraph 20 of the Complaint are conclusions of law and are, therefore, denied.

21. Denied.

### COUNT TWO (Plaintiffs v. Vessel Defendants)

22. Answering defendant incorporates herein by reference its responses to paragraphs 1 through 21, inclusive, of the Complaint as it set forth herein at length.

23. Denied.

24. Denied.

25. Denied.

### COUNT THREE (Plaintiffs v. Port Defendants)

26. Answering defendant incorporates herein by reference its responses to paragraphs 1 through 25, inclusive, of the Complaint as it set forth herein at length.

27. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the Complaint and, therefore, denies the same.

28. It is admitted that the port defendants as stevedores impliedly warranted that they would perform their work as marine contractors in a workmanlike manner; with regard to any written contractual warranties between plaintiff and the port defendants, answering defendant is without knowledge or information sufficient to form a belief as to the truth of said averments.

29. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against answering defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Honorable Court lacks *in personam* jurisdiction over the defendant vessel's claimant, Artemis Line S.A.

### THIRD AFFIRMATIVE DEFENSE

Answering defendant cannot be held liable pursuant to the following provisions of COGSA, 46 U.S.C. § 1304 *et seq.*:

(a) Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;

(b) Fire;

(c) Perils, dangers, and accidents of the sea or other navigable waters;

(d) Act of God;

(e) Act of war;

(f) Act of public enemies;

(g) Arrest or restraint of princes, rulers, people, or seizure under legal process;

(h) Quarantine restrictions;

(i) Act or omission of the shipper or owner of the goods, his agent or representative;

(j) Strikes or lockouts;

(k) Riots and civil commotions;

(l) Saving or attempting to save life or property at sea;

(m) Wastage in bulk or weight of any other loss or damage arising from inherent defect, quality, or vice of the goods;

(n) Insufficiency of packing;

(o) Insufficiency or inadequacy of marks;

(p) Latent defects not discoverable by due diligence;

(q) Any other cause arising without the actual fault and privity of the defendant and without the fault or neglect of the agents or servants of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The damages alleged in the complaint, if they occurred, which is denied, were caused in whole or in part by acts, errors, omissions, negligence, breach of warranty or breach of contract of other parties, including the plaintiff, or their agents, servants or employees, for whom answering defendant is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

Due diligence was used to make the vessel seaworthy and to insure that it was properly manned, equipped, and supplied and to make the holds and all other parts of the vessel(s) in which the cargo was carried safe and fit for the cargo's reception, carriage, and preservation in accordance with all applicable contracts and statutes. Accordingly, if the cargo sustained any

PBH: 195108.1

loss or damage while on board the vessel(s) due to any unseaworthiness of the vessel, which is denied, answering defendant can have no liability for such loss or damage.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the alleged damages and losses in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

Answering defendant claims the benefit of all defenses which may be available to defendant under any applicable contracts, charter parties, bills of lading, or other agreements or tariffs, including time bars, failure to give proper notice, forum selection clauses, arbitration clauses, applicable law, and any other applicable defenses.

### EIGHTH AFFIRMATIVE DEFENSE

If the cargo in question was received and carried as alleged, which is denied, then it was received and carried subject to the terms and provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*, and answering defendant is not liable thereunder.

### NINTH AFFIRMATIVE DEFENSE

The subject vessel was, at all material times, tight, staunch and seaworthy.

### TENTH AFFIRMATIVE DEFENSE

Answering defendant did not owe plaintiff any duty or warranty under the law or pursuant to contract and did not breach any duty or warranty.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable limitations period including, but not limited to, the COGSA one-year statute of limitation, limitation periods in the

applicable bill of lading, and limitation periods in the applicable Tariff and/or by the equitable doctrines of latches, estoppel or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of comparative negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not the real party in interest and/or lacks standing to sue in respect of the claims asserted in this action and, therefore, the Complaint must be dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has improperly and/or insufficiently served process upon Artemis Line S.A. *in personam*.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds that plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The suit should be dismissed on the basis of *forum non conveniens*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Venue in this matter in this Court is improper, and, therefore the Complaint should be dismissed or the case should be transferred pursuant to the applicable forum selection clause in

the bill of lading and/or Charter Party, and/or other contract and/or pursuant to the applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses were caused by the negligent and/or intentional conduct of plaintiff's own contractors.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is unenforceable and/or otherwise limited by the applicable Statute of Frauds.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If any loss or damage to the cargo, as alleged in the complaint, occurred while the cargo was on board said vessel(s), which is denied, and if it be held that the loss or damage arose or resulted from an act, neglect, or default of the Master, mariner, pilot, or servants of the carrier in the navigation or management of the vessel(s), which is denied, defendant cannot have any liability for such loss or damage.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event there is any loss of damage to the cargo as alleged in the complaint, which is denied, such loss or damage arose or resulted from the condition of the cargo when delivered or from an inherent defect, quality or vice of the goods or insufficiency of packaging, or by act or omission of the shipper or owners of the goods, their agents or representatives, including but not limited to, acts or omissions of the shipper's representative at the ports of loading, transhipment and discharge and, therefore, answering defendant has no liability in this matter.

PBH: 195108.1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any liability of answering defendant, such liability being specifically denied, is limited by the United States Carriage of Goods by Sea Act to $500 per package or customary freight unit.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods, as alleged in the complaint, which is denied, was caused by the plaintiff's failure to properly prepare and package the cargo for the anticipated method and route of transport.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant claims the benefit to all rights and defenses under the limitation statutes of the United States, particularly the Limitation of Liability Act, 46 U.S.C. § 30505 *et seq.*

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Notice of the alleged damage to cargo was not given within three (3) days after discharge and, therefore, it must be presumed that no damage occurred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

In the event there is any loss or damage to the cargo as alleged in the complaint, which is denied, such loss or damage is the result of a peril of the sea and/or act of God for which answering defendant is not liable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If there was any loss or damage to the cargo as alleged in the complaint, which is denied, such loss or damage arose or resulted from the negligence of the shipper and/or receiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

There is no actual knowledge, privity and/or fault of defendant and, therefore, this action must be dismissed.

### THIRTIETH AFFIRMATIVE DEFENSE

At all times material hereto, answering defendant acted with reasonable care and did not breach any duty.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This lawsuit must by stayed and/or dismissed pursuant to the exclusive jurisdiction and arbitration clause(s) contained in the applicable bill of lading, charter party and/or other contract of carriage.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

In the event there was any loss or damage to the goods as alleged in the complaint, which is denied, then such loss or damage was solely the result of improper storage and/or transportation prior to delivery to the vessel(s) at the loading port or after delivery of the cargo to the receiver and, therefore, answering defendant is not liable.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves its right to add those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the claims stated in the plaintiff's Complaint are governed by the substantive laws of a foreign nation, answering defendant hereby gives notice of its intention to rely on foreign law.

WHEREFORE, answering defendant, Artemis Line S.A., appearing as owner of the M/V ATLANTIC HOPE and subject to its restricted appearance and Verified Statement of Right or Interest filed of record herein, demands that the Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost and such other and further relief as this Honorable Court may deem proper and just under the circumstances.

                                                Respectfully submitted,

                                                PALMER BIEZUP & HENDERSON LLP

Date: February 20, 2008                  By:  /s/ Michael B. McCauley
                                                  Michael B. McCauley (ID 2416)
                                                  1223 Foulk Road
                                                  Wilmington, DE 19803
                                                  (302) 594-0895
                                                  (302) 478-7625 (fax)
                                                  mccauley@pbh.com
                                                  Attorneys for M/V ATLANTIC HOPE

OF COUNSEL:

Richard Q. Whelan
PALMER BIEZUP & HENDERSON LLP
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of February 2008, the foregoing ANSWER was filed via CM/ECF and a true and correct copy of same was served on Plaintiff's counsel by first class mail, postage prepaid, as follows:

>Lee C. Goldstein, Esq.
>615 West 18th Street
>P.O. Box 1957
>Wilmington, DE 19899
>
>Stephen J. Galati, Esq.
>Mattioni, Ltd
>399 Market Street, Second Floor
>Philadelphia, Pa. 19106

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

Date: February 20, 2008

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com
Attorneys for M/V ATLANTIC HOPE

PBH: 195108.1