IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOMINION CITRUS, LTD., <br> AGRI SOUSS, EL BOURA, GPA, <br> LIMOUNA SOUSS and PRIAGRUS, <br><br> Plaintiffs, <br><br> v. <br><br> M/V ATLANTIC HOPE, ARTEMIS LINE, S.A., <br> KANTOH KAIUN CO. LTD., <br> SEATRADE REEFER CHARTERING N.V., <br> SEATRADE GROUP, INC. and <br> SEATRADE USA, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 07-cv-672-JJF |

**ANSWER OF SEATRADE GROUP N.V., SEATRADE REEFER CHARTERING N.V.
AND NORTH AMERICAN GENERAL AGENTS, INC., TAMPA, U.S.A.
(T/A SEATRADE USA) TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Seatrade Group N.V. (hereinafter "Seatrade Group"), Seatrade Reefer Chartering N.V. (hereinafter "SRC") and North American General Agents, Inc. t/a Seatrade USA (hereinafter "NAGA"), by and through their attorneys, hereby answer the Plaintiffs' Amended Complaint as follows:

1. The allegations contained in Paragraph 1 are conclusions of law to which no response is required.

2. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 2, and therefore, same are denied and strict proof thereof is demanded at trial.

3. Denied as stated. It is admitted only that the M/V ATLANTIC HOPE is an ocean-going cargo vessel. All remaining allegations are denied, and strict proof thereof is demanded at trial.

4. Denied as stated. It is admitted only that, upon information and belief, Defendant Artemis Line, S.A. was the owner of the M/V ATLANTIC HOPE. It is specifically denied that any of the Answering Defendants were the owners, managers and/or operators of the vessel. All remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

5. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 5, and therefore, same are denied and strict proof thereof is demanded at trial.

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 6, and therefore, same are denied and strict proof thereof is demanded at trial.

7. Admitted.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 8, and therefore, same are denied and strict proof thereof is demanded at trial.

9. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 9, and therefore, same are denied and strict proof thereof is demanded at trial.

10. Denied as to Answering Defendants. The allegations contained in Paragraph 10 are conclusions of law to which no response is required. To the extent that a response is deemed to be required, the allegations are denied and strict proof thereof is demanded at trial.

11. Denied as to Answering Defendants. The allegations contained in Paragraph 11 are conclusions of law to which no response is required. To the extent that a response is deemed to be required, the allegations are denied as to Answering Defendants and strict proof thereof is demanded at trial.

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 12, and therefore, same are denied and strict proof thereof is demanded at trial.

13. Denied.

14. Denied.

## COUNT ONE

15. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 14 of Plaintiffs' Complaint as if set forth fully herein.

16. Denied as to Answering Defendants. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters contained in Paragraph 16, and therefore, same are denied and strict proof thereof is demanded at trial. It is specifically denied that Answering Defendants took delivery of any cargo owned by the Plaintiffs. All remaining allegations are denied, and strict proof thereof is demanded at trial.

17. Denied as to Answering Defendants. It is specifically denied that Answering Defendants loaded the cargo onboard the vessel. Answering Defendants are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17, and therefore, same are denied and strict proof thereof is demanded at trial.

19. Denied. It is specifically denied that Answering Defendants breached any of their obligations under law or contract. It is further denied that Answering Defendants owed any duty to these Plaintiffs. All remaining allegations are denied, and strict proof thereof is demanded at trial.

19. Denied as stated. It is specifically denied that Answering Defendants breached any of their duties under law or contract. It is further denied that Answering Defendants owed any duty to these Plaintiffs. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore, same are denied and strict proof thereof is demanded at trial.

20. The allegations contained in Paragraph 20 are conclusions of law to which no response is required.

21. The allegations contained in Paragraph 21 are conclusions of law to which no response is required. By way of further answer, the allegations are not directed toward Answering Defendants.

## COUNT TWO

22. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 21 of Plaintiffs' Complaint as if set forth fully herein.

23. Denied. It is specifically denied that Answering Defendants breached any of their duties under law or contract. It is further denied that Answering Defendants owed any duty to the Plaintiffs. All remaining allegations are denied, and strict proof thereof is demanded at trial.

4

24. Denied. It is specifically denied that Answering Defendants were careless, negligent or breached any of their duties under law or contract. It is further denied that Answering Defendants owed any duty to the Plaintiffs. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and therefore, same are denied and strict proof thereof is demanded at trial.

25. The allegations contained in Paragraph 25 are conclusions of law to which no response is required. By way of further answer, the allegations are not directed towards Answering Defendants.

## COUNT THREE

26. Answering Defendants hereby incorporate by reference their answers to Paragraphs 1 through 25 of Plaintiffs' Complaint as if set forth fully herein.

27-29. The allegations contained in Paragraphs 27 through 29 are not directed towards Answering Defendants, and therefore, no response is required.

WHEREFORE, Defendants, Seatrade Group N.V., Seatrade Reefer Chartering N.V. and North American General Agents, Inc. t/a Seatrade USA, demand that judgment be entered in their favor and against Plaintiffs, together with interest, costs, attorneys' fees, and such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to set forth a claim upon which relief can be granted.

2. Answering Defendants are not subject to the personal jurisdiction of this Court, and therefore the claims against Answering Defendants should be dismissed.

3.   The Complaint against Answering Defendants should be dismissed for insufficiency of service of process.

4.   The Complaint against Answering Defendants should be dismissed for lack of service of process.

5.   The Complaint must be dismissed pursuant to the choice of law and forum provisions in the contracts of carriage.

6.   The Complaint is barred by the applicable statute of limitations and/or by laches.

7.   The Complaint should be dismissed for failure to join an indispensable party.

8.   The Complaint should be dismissed on the basis of forum non conveniens.

9.   Venue is improper.

10.   Answering Defendants do not waive their right to demand arbitration under any existing charter parties between the parties.

11.   Pursuant to the contract of carriage, this action should be stayed pending arbitration in London and/or decided under English law.

12.   Plaintiffs are not proper parties in interest.

13.   Answering Defendants claim the defenses of the Carriage of Goods by Sea Act, 46 U.S.C. 1300, et seq., including, but not limited to, perils, dangers and accidents at sea, Acts of God, inherent vice of the goods, insufficient packaging or markings, error in management or navigation, fault of the shipper and any other cause arising without the actual fault or privity of Answering Defendant, or the fault or negligence of its agents or servants.

14.   Answering Defendants' liability, if any, is limited by the Carriage of Goods by Sea Act, 46 U.S.C. 1304 to $500 per package, or in the alternative to the package limitations set forth in the Hague-Visby Rules.

15. Answering Defendants claim the defenses available to them under the Harter Act, 46 U.S.C. 192.

16. The Complaint should be dismissed for failure to give proper notice of the alleged damage and/or claim to Answering Defendants.

17. Any damage to the cargo was caused by an act of God or a peril of the sea.

18. Any damage to the cargo was caused by insufficient packaging.

19. There is no privity of contract between Answering Defendants and the Plaintiffs.

20. Any loss or damage to the cargo, which is specifically denied, was caused solely or in part by the negligence or fault of the other defendants and/or third parties for whom Answering Defendants are not responsible.

21. Answering Defendant claims all the defenses contained in the dock receipts, mate's receipts, charter parties, and/or bills of lading, including, but not limited to, proper delivery and exceptions noted thereon.

22. Any loss or damage which may be demonstrated by the Plaintiffs was caused in whole or in part by Plaintiffs' failure to adequately instruct Answering Defendants with regard to the care of the cargo.

23. It is averred that any loss or damage to Plaintiffs' goods occurred either before said goods were received for shipment and/or after the vessel arrived at the Port of Wilmington and the goods were placed in the control of the discharging stevedore. Therefore, any such loss or damage was the result of pre- or post-shipment conditions or occurrences, for which Answering Defendants are not responsible.

24. Answering Defendants claim all of the defenses available under any applicable treaties or conventions.

25.   Plaintiffs failed to mitigate their damages.

26.   Plaintiffs' losses are the result of pre-shipment conditions and/or the inherent vice of the cargo.

27.   Answering Defendants did not owe any duty to these plaintiffs.

28.   Answering Defendants were not carriers.

29.   If the damage is found to have been caused by the unseaworthiness of the vessel, such damage is the responsibility of co-defendants Artemis and Kantoh.

WHEREFORE, Defendants, Seatrade Group N.V., Seatrade Reefer Chartering N.V. and North American General Agents, Inc. t/a Seatrade USA, demand that judgment be entered in their favor and against Plaintiffs, together with interest, costs, attorneys' fees, and such other and further relief as may be appropriate under the circumstances.

ROSENTHAL, MONHAIT & GODDESS, P.A.

By:/s/ *Carmella P. Keener*
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com
*Attorneys forDefendants,*
*Seatrade Group N.V., Seatrade Reefer*
*Chartering N.V. and North American General*
*Agents, Inc. t/a Seatrade USA*

OF COUNSEL:

Mary Elisa Reeves, Esquire
DONNA ADELSBERGER
& ASSOCIATES, P.C.
6 Royal Avenue, P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690

Dated: March 11, 2008

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on March 11, 2008, I electronically filed with the Clerk of Court **ANSWER OF SEATRADE GROUP N.V., SEATRADE REEFER CHARTERING N.V. AND NORTH AMERICAN GENERAL AGENTS, INC., TAMPA, U.S.A. (T/A SEATRADE USA) TO PLAINTIFF'S AMENDED COMPLAINT** using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Lee C. Goldstein, Esquire | Michael B. McCauley, Esquire |
| 615 West 18th Street | Palmer, Biezup & Henderson |
| P.O. Box 1957 | 1223 Foulk Road |
| Wilmington, DE 19899 | Wilmington, DE 19803 |

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com
*Attorneys for Defendants*
*Seatrade Group N.V.,*
*Seatrade Reefer Chartering N.V.,*
*and North American General Agents, Inc.,*
*Tampa, U.S.A. (T/A Seatrade USA)*